UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 12-23790-CIV-SEITZ/SIMONTON

ALEXANDRE X. MIRANDA,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## OMNIBUS ORDER GRANTING MOTION TO COMPEL ARBITRATION

THIS CAUSE is before the Court on Defendant's Motion to Dismiss and Compel Arbitration [DE-5], Plaintiff's Motion to Remand [DE-9], Plaintiff's Motion for Leave to File Supplemental Authority [DE-15], Defendant's Motion to Strike Plaintiff's Supplemental Authority [DE-17], and Defendant's Motion to Strike Plaintiff's Notice of Supplemental Authority Dated January 22, 2013 [DE-23]. Plaintiff was injured while working aboard Defendant's ship. Plaintiff filed a complaint in state court alleging claims for (1) Jones Act negligence; (2) unseaworthiness; (3) failure to provide maintenance and cure; (4) failure to treat; and (5) wages and penalties under 46 U.S.C. § 10313. Defendant removed the action from state court and now seeks to enforce an arbitration provision in Plaintiff's employment contract. Plaintiff alleges that the arbitration agreement should not be enforced and, thus, seeks to remand this matter to state court. Because the arbitration provision is valid and enforceable, Defendant's Motion to Compel Arbitration is granted, the Motions to Strike are granted, and all other motions are denied as moot.

### I. Facts and Procedural History

On May 24, 2010, Plaintiff signed an employment agreement. *See* DE-5-2. Under the terms of the employment agreement:

> Seaman agrees, on his own behalf and on behalf of his heirs, executors, and assigns, that any and all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seaman's shipboard employment with Company, including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, wages, or otherwise, no matter how described, pleaded or styled, and whether asserted against Company, Master, Employer, Ship Owner, Vessel or Vessel Operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958) ("The Convention") . . . The place of the arbitration shall be the seaman's country of citizenship, unless arbitration is unavailable under the Convention in that country, in which case, and only in that case, said arbitration shall take place in Nassau, Bahamas. The substantive law to be applied to the arbitration shall be the law of the flag state of the vessel . . .

DE–5-2 at ¶12. The employment agreement also stated that it was governed by the terms of the collective bargaining agreement, known as the Agreement Between NCL (Bahamas) Ltd. and Norwegian Seafarer's Union for Catering Personnel (CBA). The CBA provides:

> The NSU, Seafarer, and NCL agree that all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the Seafarer's shipboard employment with NCL including, but not limited to, claims such as personal injuries, Jones Act claims, actions for maintenance and cure, unseaworthiness, or otherwise, no matter how described, pleaded or styled, and whether asserted against Company, Master, Employer, Ship Owner, Vessel or Vessel Operator, and any complaints or disputes between the NSU and NCL not resolved through good faith negotiations shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards . . .

DE-5-3 at Article 8, ¶7.

Plaintiff was injured on September 7, 2010 and filed this suit in Florida State Court on September 5, 2012. On September 6, 2012, Plaintiff also initiated arbitration with the International Center for Dispute Resolution of the American Arbitration Association.

On October 17, 2012, Defendant removed this action to this Court and on November 7, 2012 filed its Motion to Dismiss and Compel Arbitration. Plaintiff filed a response and Defendant filed a reply. After the reply was filed, Plaintiff filed its Supplemental Authority in Response in

Opposition to Defendant's Motion to Compel Arbitration [DE-14]. On the same day, Plaintiff also filed his Motion for Leave to File Supplemental Authority in Support of Plaintiff's Response in Opposition to Defendant's Motion to Compel Arbitration [DE-15]. Defendant filed a response to the motion for leave to supplement [DE-16] and a Motion to Strike Plaintiff's Supplemental Authority [DE-17]. On January 3, 2013, Defendant filed a Notice of Supplemental Authority [DE-19]. On January 22, 2013, Plaintiff filed a Notice of Supplemental Authority [DE-21], which Defendant now moves to strike [DE-23].

## II. Discussion

Defendant, arguing that the prerequisites to enforcing an arbitration agreement have been met, moves to compel arbitration. The four jurisdictional prerequisites to enforcing an arbitration agreement are: (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states. *Bautista v. Star Cruises*, 396 F.3d 1289, 1294 n.7 (11th Cir. 2005). All of these prerequisites have been met, and Plaintiff does not argue otherwise.

Plaintiff, instead, concedes that the Eleventh Circuit has explicitly held that seamen's employment contracts are arbitrable, but argues that the law should be changed based on U.S. Supreme Court decisions and the intent of Congress. *See* DE-8 at 2. However, neither the U.S. Supreme Court nor Congress has directly addressed the issue of whether an arbitration clause in a seaman's employment contract is enforceable. As Plaintiff concedes, the Eleventh Circuit has

addressed this issue and has held that such arbitration clauses are enforceable. *See Bautista*, 396 F.3d at 1303; *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011) (enforcing same arbitration clause that is at issue here and addressing many of the arguments raised by Plaintiff in the instant case). This Court must follow Eleventh Circuit precedent. Thus, any change in the law must come from the Eleventh Circuit, not this Court. Accordingly, the arbitration clause is enforceable.

As noted above, Plaintiff has filed Supplemental Authority [DE-14 & 21]. Defendant has moved to strike both filings. Plaintiff's second filing [DE-21] is nothing more than a letter requiring another cruise line to submit a response to a petition for writ of certiorari. Because this letter is not legal authority or newly discovered evidence, it is stricken. Plaintiff's first filing, entitled Supplemental Authority in Response in Opposition to Defendant's Motion to Compel Arbitration [DE-14], amounts to additional argument in opposition to the Motion to Compel. This supplemental filing raises a new defense to the Motion to Compel.

In the supplemental filing, Plaintiff has raised as a defense to compelling arbitration that it would be prohibitively expensive. Plaintiff argues that he will have to pay half of the arbitration filing fee, or $1500, which is more than two months salary. Defendant has moved to strike the supplement because it does not cite to authority or evidence that was not previously available to Plaintiff and that could not have been raised in Plaintiff's initial opposition to the Motion to Compel. The Court agrees that the supplement amounts to a sur-reply, which is not permitted under the Local Rules, and it is therefore stricken.[1]

---

[1] In this stricken document, Plaintiff also seeks to have the Court order Defendant to pay all of the arbitration costs and fees if the Court grants the Motion to Compel Arbitration. Because the request has been stricken, the Court will not consider it. However, the Court does recognize that the employment agreement and the CBA lack clarity regarding who is responsible

Regardless of whether the Court considers the arguments raised, the Motion to Compel Arbitration must still be granted. The Eleventh Circuit has recognized only three defenses, under the Convention, at the motion to compel stage: the agreement is null and void, inoperable or incapable of being performed. *Lindo*, 652 F.3d at 1276. An agreement is null and void only where it is obtained through circumstances such as fraud, mistake, duress, and waiver. *Id.* While Plaintiff argues that the prohibitive expense of arbitration makes the agreement incapable of being performed, such an argument has been rejected by this Court, and others, as a defense to a motion to compel arbitration under the Convention. *See Bulgakova v. Carnival Corp.*, No. 09-20023-CIV-SEITZ (S.D. Fla. June 19, 2009); *Dessai v. NCL (Bahamas) Ltd.*, No. 12-23757-CIV-GRAHAM (S.D. Fla. Dec. 20, 2012). Consequently, Plaintiff's Motion for Leave to File Supplemental Authority [DE-15] is denied and Defendant's Motion to Strike Plaintiff's Supplemental Authority [DE-17] is granted. Accordingly, it is hereby

ORDERED THAT:

1. Defendant's Motion to Dismiss and Compel Arbitration [DE-5] is GRANTED.

2. Plaintiff's Motion to Remand [DE-9] is DENIED as moot.

3. Plaintiff's Motion for Leave to File Supplemental Authority [DE-15] is DENIED.

4. Defendant's Motion to Strike Plaintiff's Supplemental Authority [DE-17] is GRANTED.

5. Defendant's Motion to Strike Plaintiff's Notice of Supplemental Authority Dated January 22, 2013 [DE-23] is GRANTED.

---

for payment of the arbitration fees and costs when an injured seaman chooses to pursue his claim without being represented by the Norwegian Seafarer's Union. Furthermore, the Court expresses concern over Defendant's seeming ability to block an injured seaman's access to justice by taking advantage of the economic disparity that likely exists between the parties, particularly because the cost of arbitration is significantly higher than the cost of filing a civil lawsuit.

6. All pending motions not otherwise ruled upon are DENIED as moot.

7. This case is CLOSED.

DONE and ORDERED in Miami, Florida this 8th day of February, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record